CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## MARCH TERM, 1917.

---

GULFPORT TURPENTINE CO. *v.* STRICKLAND.

[75 South. 689, Division A.]

COST. *Taxation. Amount recovered.*

> Under section 706, Code 1906, so providing, where plaintiff sues in the circuit court and does not recover judgment for more than two hundred dollars, cost should be taxed against him unless the judge shall be of the opinion and so enter on the record that the plaintiff had reasonable ground to expect to recover more than two hundred dollars or unless the court shall have jurisdiction of the cause, without respect to the amount in controversy.

APPEAL from the circuit court of Harrison county.
HON. J. H. NEVILLE, Judge.

Suit by C. J. Strickland against the Gulfport Turpentine Company. From a judgment for plaintiff, defendant appeals.

Appellee, who was plaintiff in the court below, brought suit in the circuit court against appellant, alleging that he had a contract with appellant for one year's work, and that, after working seven months, he was discharged by the appellant, and therefore damaged to the extent of five months salary at fifty-five dollars a month, making two hundred and seventy-five dollars, and eight dollars and twenty-seven cents expense incurred in seeking other employment. It developed on the trial in the circuit court that he found other employment, and, after crediting him with the amount received from such employ-

115 Miss.]                    (1)

ment, he was given judgment for one hundred and sixty-five dollars, and court costs were taxed against the defendant.

Section 706 of the Code, referred to in the opinion, reads as follows:

"If a suit shall be brought in the circuit court for a sum less than the court can take cognizance of, or if a greater sum than is due shall be demanded, on purpose to confer jurisdiction the plaintiff shall be nonsuited; and if the plaintiff, in any case, shall not recover more than two hundred dollars, he shall not recover any costs of the defendant unless the judge shall be of the opinion, and so enter on the record, that the plaintiff had reasonable ground to expect to recover more than two hundred dollars or unless the court shall have jurisdiction of the cause, without respect to the amount in controversy."

*Barret & Cowan* and *J. L. Taylor,* for appellants.

Appellee practically concedes that he is not entitled to recover the costs. The authority cited is sufficient we think to prevent his recovering costs.

In the case of *Switzer* v. *Benny,* 94 Miss. 209, 48 So. 401, the court held that jurisdiction could not be given even by consent of the parties. In *Hurd* v. *Tombes,* 7 Howard 129, the court said that a court cannot exercise a jurisdiction contrary to the constitution even by consent. Certainly if it cannot be exercised by consent it could not by waiver of any kind. In the 72 Miss. 291, we find that the court will of its own motion see to the jurisdiction. In the 52 Miss. 694, we find the supreme court to have given the true test of jurisdiction as follows: The amount after deducting credits is the test of the jurisdiction.

The above cases certainly ought to settle this case that the circuit court did not have jurisdiction of this case. The appellant did not have the right to file his

suit for and demand the said sum of two hundred and seventy-five dollars before the term of his contract had expired; but he did have the right to file a suit at the end of each month for what the appellee was due him for that month, which would have been the contract price less his earnings that month, to be credited, assuming that he was discharged without cause which we in nowise concede. If he chose to make one suit only then he should have waited until he knew what his demand would be.

So when the jury returned the verdict for one hundred and eighty-three dollars and on motion of appellee the appellee remitted down to one hundred and sixty-five dollars he admitted that one hundred and sixty-five dollars was all he was entitled to and which is under circuit court jurisdiction and should have been filed in justice court and not in the circuit court. See 52 So. 208.

And so we might cite many other cases with reference to the jurisdiction but it appears so manifest that this suit was brought in the wrong court until we deem it useless to make other citations; thus we seriously contend that the case should be reversed and dismissed.

*D. M. Graham,* for appellee.

It is only cases where parties attempt to commit fraud on the jurisdiction of the court that will be nonsuited. The purpose to evade the law must be present and the authorities hold this. Sec. 706, Code 1906, and authorities cited. Besides if the court please, this question is one which should have been raised in the court below; no hint of this jurisdictional question was mentioned either in the pleadings, evidence or motion for a new trial, and the point cannot be raised for the first time in this court. There is nothing in the record that would even tend to prove that the appellee when he brought his suit in the circuit court had any intention of trying to impose upon the jurisdiction of the circuit court his *bona-fide*

claim at the time the suit was filed, was more than two hundred dollars at that time he had only earned about twenty-seven dollars; he could have filed his suit immediately after his discharge for the full amount of his salary for the balance of his term and as stated several times before, his earnings during the balance of the term was a matter for the appellant to set up as a defense. *Pritchard* v. *Martin,* 27 Miss. 305, *prima-facie,* the amount of the claim was the amount of the salary due for the balance of the term of the contract after the discharge. *Odeneal* v. *Henry,* 70 Miss. 172; See 26 Cyc. at page 998, and following and especially page 1006 at (3) under 6, evidence.

We have not burdened the court with a great list of authorities, which of course could be done, the law is simple and the trial court having submitted the question to the jury, under proper instructions, this court will not reverse.

We must confess however to this court that we overlooked in the trial of the cause below to ask the court to certify on the record under section 706 of the Code that the plaintiff has reasonable ground to believe that he would recover more than two hundred dollars; we believe however, that such a certificate was unnecessary in the case at bar, because that section was intended as held in *Railroad Company* v. *Mabry,* 7 So. 234, to discourage resort to the circuit court in cases in which relief may be fully secured in justice courts; while that case holds that the section referred to applies to actions *ex contractu,* the same reason that applies in that case would apply here; this case at bar is hard to determine as between its character as an *ex contractu* suit and *ex delicto;* surely the amount when suit was filed was unliquidated and the appellee nor the appellant could then ·tell what amount would be recovered; if the court holds however that a certificate of the trial judge was necessary to carry costs of the said section 706, we respect-

fully ask the court to enter such judgment as will meet the situation; the case would not be reversed because this certificate was not made but would only require us to enter a *remittitur* as to the cost.

SMITH, C. J., delivered the opinion of the court.

We find no reversible error in the matters complained of on the merits, but, since it does not appear from the record that the trial judge was of the opinion that the plaintiff had reasonable grounds to expect to recover more than two hundred dollars, the costs in the court below must, under section 706 of the Code, be taxed against appellee. The judgment of the court below therefore will be reversed, and judgment entered here in accordance with that entered below, except that the court costs therein incurrd will be taxed against appellee.

*Reversed in part, and affirmed in part.*