YOUNG *et al. v.* WILSON *et al.*

(Division B.   Sept. 26, 1938.)

[183 So. 387.   No. 33301.]

Chester L. Sumners, of Corinth, for appellants.

Ely B. Mitchell, of Corinth, for appellees.

130

**Ethridge, P. J.**, delivered the opinion of the court.

The appellee, plaintiff in the court below, brought suit against B. G. Young, B. G. Young, Jr., and Louis Young, a partnership operating under the name of the B. G. Young Construction Company. It was charged that the plaintiff, A. N. Wilson, is the owner in fee simple of one hundred acres of land on the South side of the Southeast quarter of Section 36, Township 2, Range 8 in Alcorn county, Mississippi; that the plaintiff had entered into a contract to convey a strip of land as a right of way across the one hundred acres to the Mississippi Highway Commission, according to which contract he reserved the merchantable timber on the strip of land; but that when the deed was executed it was executed under a misrepresentation of facts; that the deed was delivered before

·he received the consideration expressed in the agreement; that when the check reached him the Highway Commission had breached its part of the contract, and he returned the check to the Mississippi Highway Commission, and had never received anything for the land. He further alleged that he asked B. G. Young, Sr., for a contract to clear the timber off the right of way, telling him at the time that he owned the merchantable timber on the said right of way, and wanted to remove it; that notwithstanding this knowledge the B. G. Young Construction Company, through its agents and employes, went upon the land, cut, deadened and removed 125 oak trees out of which lumber could have been manufactured, 2,000 feet of which had a market value at Corinth, the nearest market, of $50 per thousand; and the remainder of said oak timber could have been manufactured into 14,000 feet of timber, worth $20 per thousand in the local market; that the defendant, through his agents and employes, cut down 20 hickory trees, which when sawed up would have amounted to five cords of wood, worth $14 per cord, or the sum of $70; and that there were 112 pine trees of merchantable timber, which would yield 5,000 feet, at $15 per thousand. He further averred that the defendants, through their agent, cut and removed this merchantable timber from the land in question, for their own use, to the value of $525; and brought suit for that amount.

There was a second count to the declaration, but that disappeared from the case by an instruction of the court.

The testimony for the plaintiff was to the effect that he began cutting this merchantable timber, and removing it from the right of way, prior to the Young Construction Company, which had contracted with the State Highway Commission to open the road along the right of way, involving grading, moving timber, etc.; that the agent of B. C. Young Construction Company, in charge of the work as foreman, told plaintiff that he was cutting the timber too high, and that if he would let them

cut it he could have the timber; in pursuance of which agreement they did cut and remove from the right of way the timber involved, estimated by plaintiff prior to cutting; and that after it was so cut and removed from the right of way the Young Construction Company refused to let plaintiff have the timber, ordered him not to move it, and itself moved it, or part of it, using it in the construction of some part of the road, to get the machinery to the job. He testified further that he could cut the timber, and move it to market for $3 per thousand. There was also testimony to show that defendants, in clearing the right of way, tore down a fence constructed within a few inches of the right of way line by plaintiff, and owned by him.

The court, in the trial below, held that the testimony with reference to the oak and hickory timber was too indefinite and uncertain, but submitted it to the jury, with instructions as to the pine timber, and there was a verdict for the plaintiff for $40; from which verdict this appeal is prosecuted.

The defendant had plead the general issue, and gave notice thereunder that plaintiff had sold the right of way to the Highway Commission, and was to cut and remove the timber prior to the contractor's going upon the right of way to begin work under his contract; and if the plaintiff had any right of action it was against the Highway Commission, and not against the defendants, against whom the plaintiff could not maintain suit, as they were not parties to the said contract.

On appeal it is contended that there is a departure from the declaration in the proof, and that the attention of the court was directed to this variance in the proper manner, and that the judgment should have been for the defendant because of this variance.

The court refused to sustain the motion on this count, and there was no effort to amend. We think the declaration was sufficient to support the judgment, on the proof in the record. It is alleged in the declaration, as above

stated, that the defendants cut and removed the merchantable timber, and converted it to their own use, with proof that the timber belonged to the plaintiff. We think there was sufficient proof to show, or for the jury to find, the value of the pine timber cut and converted to the defendants' use; and there is no such variance as would be fatal to recovery by the plaintiff.

However, the suit was for $525, and there was a recovery for only $40. Under section 494, Code of 1930, the plaintiff is not entitled to costs where he sues for more than the amount necessary to confer jurisdiction on the Circuit Court, and recovers less than $200. Hence, the plaintiffs shall not recover any costs of the defendants, "unless the judge shall be of the opinion, and so enter on the record, that the plaintiff had reasonable ground to expect to recover more than $200.00, or unless the court shall have jurisdiction of the cause without respect to the amount in controversy." The judge did not find that the plaintiff had reason to expect to recover more than $200, and enter the same of record. In Gulfport Turpentine Co. v. Strickland, 115 Miss. 1, 75 So. 689, this Court held that such stipulation on the record by the judge was necessary to entitle the plaintiff to recover costs in such case.

The judgment as to the liability for, and recovery of, $40 is affirmed; but it was error to tax the costs against the defendants in this case, and that part of the judgment is reversed, and costs in the court below, as well as on appeal, are taxed against the plaintiff.

Affirmed in part, and reversed and rendered in part.